**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOSEPH MICHAEL DEVON ENGEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20-cv-01668-RWS |
| | ) | |
| MODOC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

<u>**MEMORANDUM AND ORDER**</u>

This matter comes before the Court on a document filed by plaintiff Joseph Michael Devon Engel that has been construed as a motion for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will dismiss this action without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id*.

Plaintiff has not submitted a prison account statement as required by 28 U.S.C. § 1915(a)(2). Nevertheless, having reviewed the information contained in the motion, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances"). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

2

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is a self-represented litigant who is currently incarcerated in the Eastern Reception, Diagnostic and Correctional Center (ERDCC) in Bonne Terre, Missouri, due to a state conviction.[1] He brings this action pursuant to 42 U.S.C. § 1983, naming the following defendants: the Missouri Department of Corrections (MODOC); Corizon; the Missouri Attorney General; the Missouri Governor; an unnamed United States Senator from Missouri; and the ERDCC. (Docket No. 1 at 1). The Attorney General, Governor, and Senator are sued in their official capacities only.

---

[1] In his handwritten complaint, plaintiff indicates that he is a civilly committed detainee. However, he also provides his prisoner identification number, while online review of his Missouri Department of Corrections records indicates that he is at the ERDCC pursuant to a ten-year sentence for various convictions, including second-degree burglary, first-degree property damage, and resisting arrest. It is therefore clear that plaintiff is a convicted and sentenced state prisoner, not a civil detainee.

In his "Statement of Claim," plaintiff asserts that his "insides feel like" they are on "fire," that he has uncontrollable shakes and sweats, and that he is defecating and vomiting blood. He also states that he can "hold nothing down," has hot and cold flashes, and that his vision is going "in and out." Plaintiff further alleges that he is a sovereign citizen, and that "medical refuses to treat" him. He presents no other factual allegations, nor does he attempt to show how each defendant is responsible for this purported lack of medical treatment.

As a result, plaintiff seeks $800 billion from MODOC, $1 trillion from Corizon, $3 trillion from the Attorney General, $5 trillion from the Governor, $10 trillion from the Senator, and $1 trillion from the ERDCC.

## Discussion

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging that MODOC, Corizon, the Attorney General, the Governor, a U.S. Senator, and the ERDCC are liable to him for being deliberately indifferent to his medical care. For the reasons discussed below, the Court has determined that plaintiff has not stated a claim against any of the named defendants. As such, this action will be dismissed without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

### A. MODOC and the ERDCC

Plaintiff has named both MODOC, a department of the State of Missouri, and the ERDCC, a prison within the Department of Corrections, as defendants. Suing these defendants is the same as suing the State of Missouri itself. As such, these claims must be dismissed because a state is not a 42 U.S.C. § 1983 "person," and because the State of Missouri is immune from suit.

### i. State Not a § 1983 Person

"Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). *See also Deretich*

*v. Office of Admin. Hearings*, 798 F.2d 1147, 1154 (8th Cir. 1986) (stating that "[§] 1983 provides a cause of action against persons only"). However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (stating that a "State is not a person under § 1983"); and *Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016) (stating that "a state is not a person for purposes of a claim for money damages under § 1983").

Here, as noted above, plaintiff has sued both MODOC and the ERDCC, a state department and a state prison, respectively. Both claims are the same as a claim against the State of Missouri. However, in a claim for money damages, a state is not a "person" for purposes of 42 U.S.C. § 1983. Because plaintiff is missing an essential element under § 1983, the claims against MODOC and the ERDCC must be dismissed.

## ii.    Sovereign Immunity

"Sovereign immunity is the privilege of the sovereign not to be sued without its consent." *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011). The Eleventh Amendment has been held to confer immunity on an un-consenting state from lawsuits brought in federal court by a state's own citizens or the citizens of another state. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). *See also Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018) ("The Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court"); *Dover Elevator Co. v. Ark. State Univ.*, 64 F.3d 442, 446 (8th Cir. 1995) ("The Eleventh Amendment bars private parties from suing a state in federal court"); and *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618-19 (8th Cir. 1995) ("Generally, in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment"). The Eleventh Amendment bars suit against a state or its agencies for any kind of

5

relief, not merely monetary damages. *Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8ᵗʰ Cir. 2007) (stating that district court erred in allowing plaintiff to proceed against state university for injunctive relief, and remanding matter to district court for dismissal).

There are two "well-established exceptions" to the sovereign immunity provided by the Eleventh Amendment. *Barnes v. State of Missouri*, 960 F.2d 63, 64 (8ᵗʰ Cir. 1992). "The first exception to Eleventh Amendment immunity is where Congress has statutorily abrogated such immunity by clear and unmistakable language." *Id*. The second exception is when a state waives its immunity to suit in federal court. *Id*. at 65. A state will be found to have waived its immunity "only where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction." *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 473 (1987). Neither exception is applicable in this case.

The first exception is inapplicable, because the Supreme Court has determined that § 1983 does not revoke a state's Eleventh Amendment immunity from suit in federal court. *See Will*, 491 U.S. at 66 ("We cannot conclude that § 1983 was intended to disregard the well-established immunity of a State from being sued without its consent"); and *Quern v. Jordan*, 440 U.S. 332, 341 (1979) ("[W]e simply are unwilling to believe…that Congress intended by the general language of § 1983 to override the traditional sovereign immunity of the States"). The second exception is also inapplicable, because the State of Missouri has not waived its sovereign immunity in this type of case. *See* Mo. Rev. Stat. 537.600 (explaining that sovereign immunity is in effect, and providing exceptions).

Here, plaintiff has named MODOC and the ERDCC as defendants. As noted above, however, the Eleventh Amendment bars suit against a state or its agencies for both monetary and injunctive relief. Furthermore, no exceptions to sovereign immunity are present in this case.

6

Therefore, for this reason as well, plaintiff's claims against MODOC and the ERDCC must be dismissed.

**B. Corizon**

"A corporation acting under color of state law cannot be liable on a respondeat superior theory." *Smith v. Insley's Inc.*, 499 F.3d 875, 880 (8th Cir. 2007). Rather, to support a claim against an entity such as Corizon, the plaintiff "must show that there was a policy, custom, or official action that inflicted an actionable injury." *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006). *See also Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993) (stating that a corporation acting under color of state law will only be held liable where "there is a policy, custom or action by those who represent official policy that inflicts injury actionable under § 1983"); and *Stearns v. Inmate Services Corp.*, 957 F.3d 902, 906 (8th Cir. 2020) (explaining that the "proper test" for determining whether a corporation acting under color of state law is liable under 42 U.S.C. § 1983 "is whether there is a policy, custom, or action by those who represent…official policy that inflicts injury actionable under § 1983").

In this case, Corizon is not mentioned in the "Statement of Claim." However, as plaintiff states that he has been denied medical treatment, it is fair to assume that plaintiff blames Corizon, which is a prison health care provider, for this denial. Nevertheless, plaintiff has presented no factual allegations whatsoever demonstrating that Corizon is constitutionally liable. As explained above, in order to support a claim against Corizon, plaintiff "must show that there was a policy, custom, or official action that inflicted an actionable injury." As Corizon is not mentioned in the "Statement of Claim," it follows that plaintiff's vague allegations do not establish the existence of any policy, custom, or official action, much less that a policy, custom, or official action caused

him an injury. Because plaintiff has not alleged sufficient facts to sustain a claim against Corizon, the claim must be dismissed.

### C.  Missouri Governor and Attorney General

Plaintiff has sued both the Missouri Governor and Attorney General in their official capacities only. In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent"). In order to prevail on an official capacity claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly*, 813 F.3d at 1075.

In this case, both the Governor and Attorney General are employed by the State of Missouri. As such, the official capacity claims against them are actually claims against the State of Missouri itself. However, as discussed above, an individual acting for a state in an official capacity is not a "person" under 42 U.S.C. § 1983. *Will*, 491 U.S. at 71 (stating that "neither a State nor its officials acting in their official capacity are 'persons' under § 1983"). Furthermore, as plaintiff is suing for money damages only, his claims are also barred by the doctrine of sovereign immunity. *See Monroe*, 495 F.3d at 594 (explaining that the Eleventh Amendment bars suit against

a state or its agencies for any kind of relief, not merely monetary damages, but that a state official may be sued in an official capacity for prospective injunctive relief).

The Court notes that even if the Governor and Attorney General were sued in an individual capacity, plaintiff has not stated a claim against them. Liability in a § 1983 case is personal. *Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017). In other words, "[g]overnment officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). As such, § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights." *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) (quoting *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)). *See also Kohl v. Casson*, 5 F.3d 1141, 1149 (8th Cir. 1993) (dismissing plaintiff's excessive bail claims because none of the defendants set plaintiff's bail, and therefore, "there can be no causal connection between any action on the part of the defendants and any alleged deprivation" of plaintiff's rights). To that end, a plaintiff must allege facts connecting the defendant to the challenged action. *See Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019).

Here, plaintiff has not presented any factual allegations against the Governor or the Attorney General establishing that they were personally responsible for any purported denial of plaintiff's medical care. More specifically, plaintiff has not presented any factual allegations against the Governor or the Attorney General at all. Despite being named as defendants, they are not mentioned in the "Statement of Claim," and plaintiff provides no support for the inference that either defendant violated plaintiff's constitutional rights.

For all the reasons discussed above, plaintiff has failed to state a claim against either the Governor or the Attorney General, and the claims against them must be dismissed.

### D.  U.S. Senator

Plaintiff lists an unnamed U.S. Senator from Missouri as a defendant. The Senator is sued in an official capacity only. A suit against a governmental officer in his official capacity is a suit against the entity for which the officer is an agent. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). A U.S. Senator is an agent of the United States. *See Burke v. Allard*, 2007 WL 2697598, at *3 (D. Colo. 2007) (explaining that "defendant, a member of the United States Senate, is an agent of the United States"). As such, plaintiff's official capacity claim against the U.S. Senator is actually a claim against the United States itself.

"Generally, sovereign immunity prevents the United States from being sued without its consent." *Iverson v. United States*, 973 F.3d 843, 846 (8th Cir. 2020). *See also Hinsley v. Standing Rock Child Protective Services*, 516 F.3d 668, 671 (8th Cir. 2008) (stating that "[i]t is well settled that the United States may not be sued without its consent"). Thus, in order to sue the United States, a plaintiff must show a waiver of sovereign immunity. *See V S Ltd. Partnership v. Dep't of Housing and Urban Development*, 235 F.3d 1109, 1112 (8th Cir. 2000). Such a waiver must be "unequivocally expressed" and "cannot be implied." *See United States v. King*, 395 U.S. 1, 4 (1969). *See also College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 682 (1999) (stating that "in the context of federal sovereign immunity…it is well established that waivers are not implied").

Here, plaintiff has not demonstrated a waiver of the sovereign immunity of the United States. He brings this action pursuant to 42 U.S.C. § 1983. However, § 1983 does not waive the United States' sovereign immunity. *See Walker v. Harmon*, 2016 WL 5376185, at *3 (D. S.D. 2016) (citing *Affiliated Professional Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999)). Aside from § 1983, plaintiff provides no other basis for such a waiver. He has not, for

example, alleged a violation of the Federal Tort Claims Act. *See White v. United States*, 959 F.3d 328, 332 (8th Cir. 2020) (explaining that the "FTCA waives sovereign immunity and allows the government to be held liable for negligent or wrongful acts by federal employees committed while acting within the scope of their employment"). Therefore, plaintiff's claim against the unidentified U.S. Senator must be dismissed.

Even if the Senator were sued in an individual capacity, the Court notes that plaintiff has failed to state a claim. As noted above, liability in a § 1983 case is personal, and an individual is liable only for his or her own misconduct. *See Frederick*, 873 F.3d at 646; and *Krigbaum*, 808 F.3d at 340. To that end, to demonstrate the Senator's liability, plaintiff must establish "a causal link to, and direct responsibility for, the deprivation of rights." *Mayorga*, 442 F.3d at 1132. Here, plaintiff has not done this. Indeed, he has not provided a single factual allegation against the Senator, much less an allegation that might show that a U.S. Senator was responsible for plaintiff's health care at a prison.

For the reasons discussed above, plaintiff has failed to state a claim against the Senator, and the claim must be dismissed.

### E.  Motion to Appoint Counsel

Along with his motion for leave to proceed in forma pauperis, plaintiff also seeks the appointment of counsel. (Docket No. 2). The motion will be denied as moot as this case is being dismissed without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $1.00 within twenty-one (21) days of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this _28th_ day of _December_____, 2020.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE